```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NEW YORK
         ---------------------------------------
         DAVID COLBERT
                         Plaintiff,       AMENDED
                                       CIVIL COMPLAINT
                  -against-              42 U.S.C. 1983
                                         28 U.S.C. 1343
                                         28 U.S.C. 1367

         SUFFOLK COUNTY NEW YORK; SUFFOLK
         COUNTY POLICE DEPARTMENT; RICHARD     Case No.CV06-0881
         DORMAN, COMMISSIONER; SUFFOLK COUNTY     (JB) (ETB)
         POLICE DEPARTMENT; LIEUTENANT MICHAEL  JURY TRIAL
         MURPHY, SUFFOLK COUNTY POLICE          DEMANDED
         DEPARTMENT; SERGEANT
         MARK BOUSE, SUFFOLK COUNTY POLICE
         DEPARTMENT; DEPUTY CHIEF NICHOLAS
         MANDO, SUFFOLK COUNTY POLICE
         DEPARTMENT;  PAUL MERCREADY, POLICE
         OFFICER, SUFFOLK COUNTY POLICE
         DEPARTMENT;  RICHARD RAYNOCK, POLICE
         OFFICER, SUFFOLK COUNTY POLICE
         DEPARTMENT; JOHN MC GAY, POLICE
         OFFICER, SUFFOLK COUNTY POLICE
         DEPARTMENT; MICHAEL SANTILLO, POLICE
         OFFICER, SUFFOLK COUNTY POLICE
         DEPARTMENT; PATRICK MORASH, POLICE
         OFFICER, SUFFOLK COUNTY POLICE
         DEPARTMENT; CAPTAIN THOMAS PALMIERI,
         SUFFOLK COUNTY POLICE  DEPARTMENT;
         PAUL CARPENITO, POLICE OFFICER,
         SUFFOLK COUNTY POLICE  DEPARTMENT;  TOBIAS
         MONACO,  POLICE OFFICER, SUFFOLK COUNTY
         POLICE  DEPARTMENT; BRENDAN COLLEY,
         POLICE OFFICER, SUFFOLK COUNTY POLICE
         DEPARTMENT;  KENNETH ROCHE, POLICE
         OFFICER, SUFFOLK COUNTY POLICE  DEPARTMENT;
         MICHAEL TAVARES, SERGEANT, SUFFOLK
         COUNTY POLICE DEPARTMENT,
                         Defendants.
```

## THE PARTIES

1. Plaintiff David Colbert is a resident of New York City, New York.

2. Suffolk County New York ("the County") is a governmental subdivision of the State of New York which supervises the Suffolk County Police Department ("the police department").

3. The individual defendants are police officers of the Suffolk County Police Department who either participated directly in the unlawful arrest, search and unlawful use of force against the plaintiff, or by reason of their supervisory capacities exercised control and responsibility for the training, supervision and discipline of the officers and/or established and maintain policies of the defendant police department which are in violation of the plaintiff's constitutional rights and contributed to his illegal arrest, detention and search and the unlawful use of force against him.

4. It is anticipated that additional police officers and allegations may be added as more is known through further discovery.

## VENUE

5. The events which provide the basis of this action occurred within Suffolk County, New York, within the Eastern District of New York.

## STATEMENT OF THE CASE

6. This is a civil rights action to recover money damages arising out of defendants' violation of the plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, the laws of the State of New York, and 42 U.S.C. Section 1983.

7. On June 26, 2005, on Sunrise Highway in the Village of Bohemia, Suffolk County, the police officers

SERGEANT MARK BOUSE,  PAUL MERCREADY, RICHARD RAYNOCK, JOHN MC GAY, MICHAEL SANTILLO, PATRICK MORASH, PAUL CARPENITO,  TOBIAS MONACO, BRENDAN COLLEY,;  KENNETH ROCHE,
and SERGEANT MICHAEL TAVARES, forced an automobile in which the Plaintiff was riding to stop; ordered and forced the Plaintiff from the automobile; falsely arrested the Plaintiff; physically forced the Plaintiff to the ground; placed handcuffs on the Plaintiff; threatened the Plaintiff with death; deprived the Plaintiff of his liberty; pointed deadly weapons at the Plaintiff; assaulted  the Plaintiff; searched the Plaintiff's vehicle and person without warrant; and caused physical injury to the Plaintiff, all without reasonable cause and in violation of the Plaintiff's rights to due process of law.

  8. <u>The only basis given by the Defendants for their actions is that an "anonymous" person in a white pick-up truck told an officer that one of three men, of which the Plaintiff was one, "might" have a gun and that the three were acting "strangely" inside a business establishment</u>.

<u>SUBJECT MATTER JURISDICTION</u>

  9. The Court has jurisdiction of the subject matter of this litigation pursuant to 42 U.S.C. 1983, 42 U.S.C. Sec. 1943, and, with respect to the assault,
battery, false arrest, and trespass,  and the resulting injuries to the Plaintiff Colbert by virtue of 28 U.S.C. 1367, "Supplemental Jurisdiction".

<u>FIRST CAUSE OF ACTION</u>
PLAINTIFF DAVID COLBERT'S CIVIL RIGHTS CLAIM AGAINST SERGEANT MARK BOUSE, AND POLICE OFFICERS MERCREADY, RAYNOCK, MC GAY, SANTILLO, MORASH, CARPENITO, TOBIAS,  MONACO, POLICE OFFICER, COLLEY, AND ROCHE.

3

8. Paragraphs one (1) through nine (9) are realleged.

9. On June 26, 2005, Plaintiff was a passenger in an automobile at the time and place referred to in paragraph five (5) supra, and the defendants BOUSE, MERCREADY, RAYNOCK, MC GAY, SANTILLO, MORASH, CARPENITO, TOBIAS, MONACO, POLICE OFFICER, COLLEY, and ROCHE, were on duty as police officers of Suffolk County, acting under the color of state law.

10. BOUSE and the other officers named in paragraph nine supra, acting at the instigation and direction of BOUSE, ordered the driver of the vehicle in which Plaintiff was riding to stop and under threat of force using deadly weapons, ordered Plaintiff and two other occupants of the vehicle to exit the vehicle, and physically forced Plaintiff to the ground and falsely arrested, assaulted, battered and negligently handcuffed the Plaintiff.

11. The aforesaid officers acting in concert with each other unreasonably threatened Plaintiff with death and placed Plaintiff in fear of death to himself and his companions.

12. The aforesaid officers searched the Plaintiff and the vehicle in which Plaintiff had been riding and which belonged to the Plaintiff, and searched the personal property of Plaintiff which was in the vehicle all without reasonable cause.

13. Neither Plaintiff nor his companions had committed any crime or violation and there was no probable or reasonable cause for Plaintiff's being stopped, arrested and deprived of his liberty, the use of force and threats of force against him, nor reasonable grounds for the seizure and search of his property.

14. The actions of the aforesaid officers alleged supra violated Plaintiff's rights to due process of law.

15. As a direct and proximate result of the actions of the aforesaid defendants, Plaintiff was denied his rights under the U.S. Constitution, has suffered and continues to suffer physical injury and pain, has suffered and continues to suffer emotional pain and is in fear for his life and liberty, all of which will continue in the future.

16. Plaintiff has lost income and will continue to lose income in the future and has incurred and will continue to incur medical costs.

17. The plaintiff demands trial by jury of this claim.

SECOND CAUSE OF ACTION

PLAINTIFF DAVID COLBERT'S CIVIL RIGHTS CLAIM AGAINST SUFFOLK COUNTY, THE SUFFOLK COUNTY POLICE DEPARTMENT, RICHARD DORMAN,

COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, LIEUTENANT MICHAEL MURPHY, DEPUTY CHIEF NICHOLAS MANDO, and CAPTAIN THOMAS PALMIERI.

17. Paragraphs one (1), two (2), five (5), and six through sixteen (16) are realleged.

18. The defendants SUFFOLK COUNTY, the SUFFOLK COUNTY POLICE DEPARTMENT, RICHARD DORNAN, Commissioner of the Suffolk County Police Department, LIEUTENANT MICHAEL MURPHY, DEPUTY CHIEF NICHOLAS MANDO, CAPTAIN THOMAS PALMIERI, all of the Sufflk County Police Department, are responsible and liable for the aforesaid violation of the Plaintiff's civil rights and resultant injuries to the Plaintiff by virtue of their:

- failure to provide proper supervision of the officers of the Suffolk County Police Department;

- failure to promulgate appropriate rules and guidelines for the use of force and the e    exercise of the arrest and search and seizure    powers of the officers under their control and    supervision;

- failure to provide proper training for the use    of force and the exercise of the arrest and       search and seizure powers of the officers       under their control and supervision;

6

- failure to properly discipline abuses of the use of force and the exercise of the arrest and search and seizure powers of the officers under their control and supervision, for abuses that occurred prior to the aforesaid violation of the civil rights of the Plaintiff.

19. The actions of the defendants alleged in paragraph eighteen (18) supra are a direct and proximate cause of the injuries alleged in paragraphs fourteen (14) through sixteen (16) supra.

20 The Plaintiff demands trial by jury of the allegations in this cause of action.

### THIRD CAUSE OF ACTION
### THE SUPPLEMENTAL STATE CLAIM

20. Plaintiff realleges paragraphs One (1) through sixteen (16), supra.

21. The aforesaid allegations constitute the intentional torts of trespass, assault, battery, and false arrest by the defendants BOUSE, MERCREADY, RAYNOCK, MC GAY, SANTILLO, MORASH, CARPENITO, TOBIAS, MONACO, COLLEY, and ROCHE.

22. The defendants SUFFOLK COUNTY, the SUFFOLK COUNTY POLICE DEPARTMENT, RICHARD DORNAN, Commissioner of the Suffolk

7

County Police Department, LIEUTENANT MICHAEL MURPHY, DEPUTY CHIEF NICHOLAS MANDO,  CAPTAIN THOMAS PALMIERI, are responsible and liable for the aforesaid injuries to the Plaintiff by the doctrine of respondeat superior.

23. The defendants Suffolk County, the Suffolk County Police Department, and Richard Dornan, Commissioner of the Suffolk County Police Department are responsible and liable for the aforesaid injuries to the Plaintiff by virtue of their:

> failure to provide proper supervision;

- failure to promulgate appropriate rules and guidelines for the exercise of force, arrest and search and seizure powers of the officers under their control and supervision;

- failure to provide proper training for the exercise of force,  arrest and search and seizure powers of the officers under their control and supervision;

- failure to properly discipline abuses of the exercise of force, arrest and search and seizure powers of the officers under their control and supervision for abuses that occurred prior to the aforesaid violation of the civil rights of the Plaintiff.

24. As a direct and proximate result of the actions of the defendants, Plaintiff has suffered and continues to suffer physical injury and pain, has suffered and continues to suffer

8

emotional pain and is in fear for his life and liberty, all of which will continue in the future.

26. Plaintiff has lost income and will continue to lose income in the future and has incurred and will continue to incur medical costs.

26. Plaintiff demands trial by jury of this claim.

## SPECIAL DAMAGES

26. For the injuries alleged in the First Cause of Action the Plaintiff has been injured in an amount to be determined at trial.

27. For the injuries alleged in the Second Cause of Action the Plaintiff has been injured in the amount to be determined at trial.

28. For the injuries alleged in the Third Cause of Action the Plaintiff has been injured in an amount to be determined at trial.

## PUNITIVE DAMAGES

29. The actions of the individual defendants alleged above were taken with reckless disregard for the rights and person of the Plaintiff.

30. For punitive damages on the basis of the allegations in the Third Cause of Action, the Plaintiff is entitled to punitive damages in an amount to be determined at trial.

<u>THIRD CAUSE OF ACTION</u>
<u>ATTORNEYS' FEES</u>

31. Plaintiff is entitled to reasonable attorneys' fees.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at trial for special damages and for punitive damages as alleged in an amount to be determined at trial and reasonable attorneys' fees.

Respectfully submitted,

Dan L. Johnston, Esq. (DJ-0806)
ATTORNEY FOR PLAINTIFF
116 West Twenty-Third Street
New York, New York 10011
Tel. (646) 375-2035

Copy to: Robert Cacesse
         Suffolk County Department of Law

1