UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------
DAVID COLBERT,

                                        PLAINTIFF'S REQUESTED
                                          JURY INSTRUCTION

              Plaintiff,


     -against-
                                        Index No. CV06-0881
                                            (JB) (ETB)

SUFFOLK COUNTY NEW YORK, et al.


              Defendants.
--------------------------------

     The Plaintiff requests the following instructions to the
trial jury: (Sources: <u>New York Pattern Jury Instructions Third
Edition Civil</u> and <u>Section 1983 Litigation, Jury Instructions Vol.
4</u>, Schwartz Pratt.


                    INTRODUCTORY STATEMENTS


PJI 1:1 Introductory to Jury


PJI 1:2   Parties


PJI 1:3 Openings and Evidence


PJI 1:4 Objections, Motions, Exceptions

PJI 1:5 Summations

PJI 1:6 Function of Court and Jury

PJI 1:7 Consider Only Competent Evidence

PJI 1:8 Weighing Testimony

PJI 1:9 Conduct During Recess

PJI 1:10 Do Not Visit Scene

PJI 1:11 Discussion With Others

PJI 1:12 Discussion by Others

PJI 1:13 Conversation With Parties or Attorneys

PJI 1:13 A Alternate Jurors

PJI 1:14 Conclusion

## INSTRUCTION 2.04.1

### Party's Failure to Produce Evidence

If you find that a party could have produced certain evidence, and that the evidence was within that party's control, and that this evidence would have been relevant in deciding facts in dispute in this case, you are permitted, but not required, to infer that the evidence, if produced, would have been unfavorable to that party.

In deciding whether to draw this inference, you should consider whether the evidence that was not produced would merely have duplicated other evidence already introduced. You may also consider whether the party has offered a reason for not producing this evidence, and whether that reason was explained to your satisfaction.

### INSTRUCTION 2.02.1
### Burden of Proof—Preponderance of Evidence

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance

of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; she must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of evidence.

You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this.

## INSTRUCTION 2.03.1
### Direct and Circumstantial Evidence

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In

addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what she saw, heard, or felt. In other words, when a witness testifies about what is known from her own personal knowledge by virtue of her own senses, what she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence which is often used in the federal courts.

Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from

circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

**INSTRUCTION 2.03.2**
**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the thing testified to;

2. The witness' memory;

3. The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice she may have.

5.    Whether other evidence contradicted the witness' testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence; and

7.    Any other factors that bear on believability.


### INSTRUCTION 2.03.4
### Expert Testimony

You will recall that Dr. Alexander Moskwa gave testimony in the field of medicine.

When a case, like this case, involves matters that require special knowledge, experience, skill, or training not possessed by the average person, an expert is permitted to provide information and give opinions in order to assist the court and the jury. The opinions stated by the medical experts in this case were based either upon particular facts that each physician observed, or upon facts that the attorney who questioned him asked him to assume.

An expert is allowed to express his opinion on subjects about which he has special knowledge, experience, skill, or training. Expert testimony is presented to you so that someone who has special expertise can assist you in understanding and evaluating the evidence in this case.

Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion. You must determine the reliability of the expert's opinion. You must evaluate the expert's opinion in light of the other evidence in

the case. You may reject the expert's opinion if you find the facts to be different from those that formed the basis for his opinion. You may also reject the expert's opinion if, after careful consideration of all the evidence in the case, you disagree with the expert's opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by the other evidence in the case. Expert testimony is given to assist you in reaching a proper conclusion. In determining how much weight, if any, to give to expert testimony, you may consider the expert's qualifications in the field. Expert testimony must be considered by you, but it is not controlling upon your judgment.

### INSTRUCTION 2.03.6
### State Employee Witnesses

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the county. The testimony of a government employee is not  necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a state employee witness on the ground that his testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the state employee and to give that testimony whatever weight, if any, you find that it deserves.

**INSTRUCTION 2.03.7**

**Police Officer and Civilian Witnesses**

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a police officer.

**INSTRUCTION 2.03.11**

**Action By Private Citizen Against Police Officers: All Persons Stand Equal Before the Law**

As you know, this action was brought by a private citizen against police officers of Suffolk County, New York.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**INSTRUCTION 2.05.1**

**Cautionary Instruction on Damages**

If you find that the plaintiff has proved by a preponderance of the evidence all of the elements of plaintiff's claim for

relief for the alleged violation of his federal rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other. It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that the plaintiff has established liability on at least one of his Section 1983 claims or his State claims of assault and battery.

Should you decide that the plaintiff has proved any of his claims by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages.


### INSTRUCTION 3.01.1
### The Statute, Its Function, and Elements of Claim for Relief

*The Statute and Its Function*

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

Every person who, under color of state law, subjects or causes to be subjected any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and federal laws, shall be liable to the party injured for damages.

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States ; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

[*Use the following paragraph when color of law is not in issue:*]

### First Element: Color of Law

As to the first element—whether the defendant was acting under color of state law—there is no dispute in this case that during the events in issue here the defendant as a police officer was acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

### Second Element: Deprivation of a Federal Right

In this case I have ruled as a matter of law that the defendants' actions in stopping the plaintiff in his car, ordering him from the car at the point of a gun, handcuffing him and holding him for a period of time deprived him of a Federal right. Therefore, you need not concern yourself with that element of the plaintiff's case.

(Or)

The second element of the plaintiff's claim is that defendant's conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to be free of an unreasonable arrest or seizure and search under the Fourth Amendment to the federal Constitution. I will explain the elements of the plaintiff's Fourth Amendment claim later in these instructions. *infra.*]

### Third Element: Proximate Cause

The third element that plaintiff must prove is that the defendant's conduct was a proximate cause of plaintiff's injury and damage. Under Section 1983 the defendant is responsible for the natural consequences of his or her actions. An act is a

proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendant's conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

*General Wrap-up on Elements of the Claim: Multiple Defendants*

If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

**INSTRUCTION 3.02.1**

**No Specific Intent**

Section 1983 does not require the plaintiff to demonstrate that the defendant acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does § 1983 require the plaintiff to show that the defendant abused governmental power.

**INSTRUCTION 3.03.1**

**Burden of Proof on Section 1983 Elements**

The plaintiff has the burden of proving each element of her §§ 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and second, that the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

**INSTRUCTION 7.01.1**

**Excessive Force Arrest Claim**

Plaintiff claims that the defendant police officer violated his Fourth Amendment rights by using excessive force when, during the course of his arrest, defendants ordered him from his car, pointed guns at him, threw him to the ground, placed handcuffs on him, injuring his wrist, and placing body weight on the plaintiff's leg, injuring his leg.  Defendants deny that they used excessive force.   The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when arrested.

Every person has the right not be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible

contact between the plaintiff and the defendants would not be
sufficient by itself to demonstrate that the defendants violated
the plaintiff's constitutional rights. On the other hand, you may
find that ordering the plaintiff from his car, pointing guns at
him, placing handcuffs on him, throwing the plaintiff to the
ground, and an officer placing his weight on the plaintiff's leg,
if you so find, constituted unreasonable and excessive force that
would render the defendants liable.

The question before you is whether the actions of the
defendant police officer on June on June 26, 2005 on Sunrise
Highway were objectively reasonable, meaning what a reasonably
prudent police officer would have done under similar conditions in
light of the facts and circumstances confronting the officer. You
are to make this determination without regard to the police
officers' underlying subjective intent or motivation. That means
that "evil intentions" will not be considered excessive force if
the force used was in fact reasonable. On the other hand, an
officer's good intentions will not make the use of excessive force
constitutional. The reasonableness of a particular use of force
must be judged from the perspective of a reasonable police officer
on the scene, rather than with the 20/20 vision of hindsight. In
determining whether the force exercised was reasonable, you should
consider the facts and circumstances as you find them to be,
including the severity of the offenses at issue, whether the
plaintiff posed an immediate threat to the safety of the police
officers or others, and whether the plaintiff was actively
resisting arrest at the time the alleged excessive force was
applied.

Now the Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the defendants' use of force was reasonable, you must return a verdict for the defendants. If you find that the defendants' use of force was unreasonable, your verdict must be for the plaintiff. In that case you must then determine whether the plaintiff's alleged injuries were proximately caused by the defendants' use of excessive force.

The plaintiff has the burden of proving that the defendants' actions were a proximate cause of injury to the plaintiff. Injury is proximately caused by the defendant's conduct when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury, in this case, a dislocated elbow.

In sum, if you find that the plaintiff has established, by a preponderance of the evidence, that the defendant used excessive force in placing him under arrest, the plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, either that the defendant used excessive force in effecting the arrest, or that

the excessive force caused plaintiff's injuries, then your verdict
will be in favor of the defendant.

**INSTRUCTION 7.01.4A**

**Excessive Force—Unconstitutional Arrest and**

**Search—Damages—Special Verdicts**

The Plaintiff claims that while the Defendants were acting under
color of authority of the State *as members of the Police
Department of Suffolk County*  they intentionally violated the
plaintiff's constitutional right not to be arrested or seized
without probable cause; not to be subjected to an unreasonable
search of one's person and vehicle;  and not to be subjected to
excessive or unreasonable force during an arrest.
Federal law, specifically a statute known as section 1983,
provides that a person may sue in this court for an award of
money damages against anyone who, "under color" of any state law
or custom, violates the plaintiff's rights under the Constitution
of the United States.

Under the Fourth Amendment to the Constitution of the United
States, every citizen has the right not to be arrested without
probable cause, not to be subjected to an unreasonable search of
one's home or dwelling, and not to be subjected to excessive or
unreasonable force while being arrested by a law enforcement
officer, even though the arrest itself may be lawful.

In order to prevail on his claims, the plaintiff must prove each
of the following facts by a preponderance of the evidence:

*First:* That the defendants intentionally committed acts that violated the plaintiff's federal constitutional rights not to be arrested without probable cause, not to be subjected to an unreasonable search of one's person, and not to be subjected to excessive or unreasonable force during an arrest;

*Second:* That the defendants' acts were the proximate or legal cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to determine a series of factual questions concerning each of these issues.

In this case the parties have agreed that the defendants acted "under color" of state law, and you should, therefore, accept that fact as proven.

Unconstitutional Arrest

The first aspect of the plaintiff's claim is that the plaintiff was arrested without probable cause. In that regard you are instructed that under the law of the State of New York, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that the person has committed a criminal offense in the presence of the officer. You are further instructed that, under the law of the State of New York carrying a firearm without a permit  is a criminal offense.

Unconstitutional Search

The second aspect of the plaintiff's claim is that defendants conducted an unreasonable search of the plaintiff's person and car. As previously stated, the Constitution protects every citizen against "unreasonable" searches;  An exception is recognized in emergency situations in which a law enforcement officer, who has a reasonable and good faith belief that there is a serious threat to the officer's safety or the safety of someone else, may make a safety search for the purpose of insuring or protecting the well-being of the officer or others.

Excessive Force

The third aspect of the Plaintiff's claim is that the defendant used excessive force in effecting the Plaintiff's arrest.  Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest itself is otherwise lawful.  On the other hand, in making a lawful arrest, an officer has the right to use force that is reasonably necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on the totality of the circumstances facing the police officer, including such factors such as the severity of the crime, whether the suspect poses an immediate threat to the officer or others, and whether the suspect is resisting or fleeing.  You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent

law enforcement officer would have applied in making the arrest under the circumstances of this case.

You are further instructed that the amount of force that may be used in making an arrest or detaining an individual depends upon the amount "probable cause" meaning the amount and reliability of evidence that the officer has received to make him believe that the subject of the arrest may be engaged in unlawful activity. Information from anonymous informant is insufficient to justify a an officer stopping and frisking a person unless the tip is accompanied by sufficient indicia of reliability for the information.

      The information from the informant must be shown reliable in its allegation of criminal activity.

      For probable cause to have existed for the detention of he plaintiff, there must be a substantiated basis for the proposition that some criminal activity was afoot.

    A police officer is authorized to stop and detain an individual but only if he has a reasonable suspicion, based upon information from an informant, accompanied by supporting evidence of the informant's credibility, that the particular individual is involved in a felony or misdemeanor.;

      <u>Damages</u>

If you should find for the plaintiff and against the defendants, you must then decide the issue of the plaintiff's damages. For damages to be the proximate result of a constitutional deprivation, it must be shown that, the damages were fairly traceable to the constitutional deprivation.

Compensatory Damages

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be established by a preponderance of the evidence as full, just, and reasonable compensation for all of the plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize a defendant. Also, compensatory damages must not be based on speculation or guesswork because only actual damages are recoverable.

On the other hand, compensatory damages are not restricted merely to actual loss of time or money; they include both the mental and physical aspects of an injury tangible and intangible.  Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  If you find that plaintiff did suffer emotional pain and mental anguish, then you must

determine an amount that will fairly compensate the plaintiff for that harm.  There is no exact standard to be applied; the award should be fair and just in the light of the evidence.

You should consider the following elements of compensatory damages, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)  The reasonable value of any property lost or destroyed during, or as a result of, the defendant's unconstitutional acts;

(b)  The reasonable cost of plaintiff's medical care and hospitalization;

(c)  Physical or emotional pain and mental anguish.

Damages-Personal Injury-Precipitation or Activation of Latent Disease or Condition (PJI 2:283)
If you find that the plaintiff had a bodily condition which made him more subject to injury than a person in normal health, the defendants are nevertheless legally responsible for such injuries, if any, as you find the

plaintiff suffered as a result of the actions of the defendants even though those injuries, due to that condition, may have been greater than those which would have been suffered by a normal person under the same circumstances.

Punitive Damages

The plaintiff also claims that the acts of the defendants were done with malice or reckless indifference to the plaintiff's federally protected rights and, as a result, they are entitled to an award of punitive damages in addition to compensatory damages.  On punitive damages you must consider each defendant separately.

If you find for the plaintiff, and if you further find that a defendant did act with malice or reckless indifference to the plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against that defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against a defendant, you may consider the financial resources of that defendant in fixing the amount of punitive damages; you may assess punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

*SPECIAL VERDICTS*

*Do you find from a preponderance of the evidence:*

1.   That the Defendant Bouse intentionally committed acts that violated the Plaintiff's federal constitutional right not to be arrested without probable cause?

Defendant Bouse,    Yes or No _____

Defendant Santillo, Yes or No _____

2.   That the defendant's acts were the proximate cause of damages sustained by the Plaintiff?

Defendant Bouse,    Yes or No _____

Defendant Santillo, Yes or No _____

*[Note:* If you answered No to either Question No. 1 or Question No. 2, you need not answer the remaining questions.]

3.   That the plaintiff should be awarded damages to compensate for the reasonable value of any property

lost or destroyed during, or as a result of, the
defendant's unconstitutional acts?


Defendant Bouse,    Yes or No _____


Defendant Santillo, Yes or No _____


If your answer is Yes, in what amount?

    As to Defendant Bouse _____

            Santillo _____


4.   That the Plaintiff should be awarded damages to
compensate for the reasonable cost of medical care and
hospitalization?


Answer Yes or No _____


If your answer is Yes, in what amount?

    As to Defendant Bouse_____

            Santillo   _____


5.   That the Plaintiff should be awarded damages to
compensate for physical as well as emotional pain and
mental anguish?


Answer Yes or No _____

If your answer is Yes, in what amount?

    As to Defendant Bouse_____

          Santillo _____

      6.   That the Defendant acted with malice or with reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant.


Defendant Bouse,    Yes or No _____


    Santillo,      Yes or No _____


If your answer is yes, in what amount?

As to Defendant Bouse      _____

    Defendant Santillo _____


[Repeat Above questions for the Unconstitutional Search and Excessive Force Claims]


## INSTRUCTION 7.01.9

### Excessive Force During Arrest—with Special Verdicts


Plaintiff claims that the defendant police officers violated his Fourth Amendment rights by using excessive force when, during the course of his arrest, they pointed guns at him, handcuffed him, threw him to the ground, handcuffed him too tightly and refused to

loosen the handcuffs, and placing pressure on his leg when he was on the ground causing him to injury to his wrist and leg. Defendants deny that they used excessive force.

This presents issues of fact for you, the jury, to resolve. As you know, it is my job to decide the issues of law, and yours to decide the issues of fact. To assist you in deciding the issues of fact presented by this case, I have prepared for you a series of questions called special verdicts. These questions are:

1.   Did the events surrounding plaintiff's arrest, particularly whether defendants poined guns at the plaintiff, handcuffed plaintiff, threw plaintiff to the ground, and refused his requests to loosen the handcuffs occur substantially as plaintiff testified?

2.   In arresting plaintiff did the defendants use excessive force?

3.   Was defendants' use of excessive force a proximate cause of plaintiff's injury?

Each question calls for a yes or no answer. On each question the plaintiff has the burden of proving by a preponderance of the evidence that the yes answer is correct. If he fails in that burden as to a question, you will answer the question no.

Now let us consider each question in more detail.

Question #1 asks: Did the events surrounding plaintiff's arrest, particularly whether defendants

threw plaintiff to the ground, occur substantially as plaintiff testified? You are to answer yes or no.

The plaintiff claims that when defendants arrested him they threw him to the ground, they twisted his leg and put force to his leg when he was on the ground, causing him to injure his leg. The defendants deny that they threw him to the ground. You have heard the testimony of the witnesses and the arguments of counsel as to what actually happened. It is for you to determine whether plaintiff has established that defendants threw him to the ground, and you will answer Question #1 accordingly.

If your answer to Question #1 is "no," then you need proceed no further for you will have decided this case in favor of the defendants. If your answer "yes," then you must proceed to Question #2 which asks:

Question #2: In arresting plaintiff did the defendants use excessive force? You should answer this question yes or no.

The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. Even though plaintiff's arrest may have been otherwise made in accordance with the law, it would be unreasonable, and therefore unconstitutional, if the defendants used excessive force against the plaintiff while arresting him.

In making an arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest and at the same time to protect themselves, the person being arrested, and others from physical harm. However, they may use only reasonable force, not excessive force. In determining whether defendants used excessive force, you should consider the matter in light of all the surrounding circumstances as you find them to have occurred. In light of these instructions, you should consider what events occurred and how much force was used, and compare it with the degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances here. You should also consider such factors as the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others, and whether the plaintiff was actively resisting arrest at the time, and any other circumstances that you find affect the reasonableness of the defendants' conduct.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene at the time, rather than on the 20/20 vision of hindsight.

Whether defendants' force was reasonable is not affected by their underlying intent or motivation.

"Evil intentions" do not create excessive force if the force was in fact reasonable. On the other hand, an officer's good intentions do not make excessive force reasonable.

You should also consider, in determining whether defendants' force was reasonable, that not every push or shove constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom. Police officers are often forced to make split-second judgments about the amount of force to use, and they must to do so in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving.

In short, in light of all the evidence, these instructions, and the arguments of counsel, you are to determine whether the amount of force used by the defendants was excessive, and you will answer Question #2 accordingly.

If your answer to Question #2 was "no," you will proceed no further. If, however, your answer was "yes," then you will proceed to Question #3, which asks:

Question #3: Was defendants' use of excessive force a proximate cause of plaintiff's injury? You should answer this question yes or no.

Injury is proximately caused by an act when it appears from the evidence in the case that the conduct with regard to the excessive force played a substantial

role in bringing about an injury, in this case, injury to the plaintiff's wrist and leg.

Considering the evidence and these instructions, you should determine whether defendants' excessive force proximately caused the plaintiff's injury, and then answer this question accordingly.

*SPECIAL VERDICTS*

1.   Did the events surrounding plaintiff's arrest, particularly whether defendants pointed guns at the plaintiff, threw plaintiff to the ground, handcuffed him and refused to loosen the handcuffs occur substantially as plaintiff testified?

_____Yes

_____No

[If your answer to Q. #1 is "no," then proceed no further. If your answer is "yes," then proceed to Q. #2.]

2.   In arresting plaintiff did the defendants use excessive force?

_____Yes

_____No

[If your answer to Q. #2 is "no," then proceed no
further. If your answer is "yes," then proceed to Q.
#3.]

3.   Was defendants' use of excessive force a proximate
cause of plaintiff's injury?

_____Yes

_____No

**INSTRUCTION 7.01.10**

**Excessive Force Arrest Claim—Multiple Claims and
Multiple Defendants—Special Verdicts**

1.   Do  you  find  that  defendant  Mark  Bouse
deprived  the  plaintiff  of  his  constitutional  rights  by
using  excessive  force  against  plaintiff  on  June  26,
2005?

Yes _____        No _____


If you answered "no" to Question 1, do not answer Question 2, and go to Question 3. If you answered "yes" to Question 1, go on to Question 2.


2.   Did defendant Mark Bouse' use of excessive force proximately cause any of plaintiff's injuries?


Yes _____        No _____


Go to Question 3.


3.   Do you find that defendant deprived the plaintiff of his constitutional rights by using excessive force against plaintiff on June 26, 2005?


Yes _____        No _____


If you answered "no" to Question 3, do not answer Question 4, and go to Question 5. If you answered "yes" to Question 3, go on to Question 4.

4.   Did Defendant Michael Santillo's use of excessive force proximately cause any of plaintiff's injuries?


Yes _____        No _____

Go to Question 5.

5.    Do you find that defendant Suffolk County had a policy custom or practice that deprived the plaintiff of his constitutional rights?

Yes _____        No _____

If you answered "no" to Question 5, do not answer Question 6, and go to Question 7. If you answered "yes" to Question 5, go on to Question 6.

6.    Did defendant Suffolk County's deprivation of plaintiff's constitutional rights proximately cause any of plaintiff's injuries?

Yes _____        No _____

7.    Do you find that defendant Mark Bouse committed an assault by pointing a gun at the the plaintiff on June 26, 2005?

Yes _____        No _____

If you answered "no" to Question 7, do not answer Question 8, and go to Question 9. If you answered "yes" to Question 7, go on to Question 8.

8.   Did defendant Mark Bouse' assault on plaintiff result the plaintiff being placed in fear for his life? in harmful or offensive contact with the plaintiff?

Yes _____        No _____

9.   Do you find that defendant Michael Santillo committed a battery on the plaintiff on June 26, 2005?

Yes _____        No _____

If you answered "no" to Question 9, do not answer Question 10, and go to Question 11. If you answered "yes" to Question 9, go on to Question 10.

10.  Did Michael Santillo's battery on plaintiff result in harmful or offensive contact with the plaintiff?

Yes _____        No _____

11.  Was the defendant, Mark Bouse, negligent in his actions in apprehending plaintiff?

Yes _____        No _____

If you answered "no" to Question 11, do not answer Question 12, and go to Question 13. If you answered "yes" to Question 11, go on to Question 12.

12.  Was the defendant Mark Bouse' negligence a proximate cause of any injury to the plaintiff?

Yes _____        No _____

13.  Was the defendant, Michael Santillo, negligent in his actions in apprehending plaintiff?

Yes _____        No _____

If you answered "no" to Question 13, do not answer Question 14, and go to Question 15. If you answered "yes" to Question 13, go on to Question 14.

14.  Was the defendant Michael Santillo's negligence a proximate cause of any injury to the plaintiff?

Yes _____        No _____

If the answer to Question 15 is "no," you will proceed to Question 18. If the answer to this question is "yes," you will go to Question 16.

Answer Question 18 only if you answered "yes" to Questions 11 and 12.

18.   Is Suffolk County liable for the negligence of defendant, Mark Bouse?

Yes _____          No _____

Answer Question 19 only if you answered "yes" to Questions 13 and 14.

19.   Is Suffolk County liable for the negligence of defendant, Michael Santillo?

Yes _____          No _____

20.   State the amount of compensatory damages, if any, plaintiff, has proven against each defendant for:

|  | Mark Bouse | Michael Santillo | County of Suffolk |
|---|---|---|---|
| Past Medical Expenses | $_____ | $_____ | $_____ | $_____ |

Total

Total

Past
Loss of
Property Value   $_____      $_____      $_____      $_____
                                                               Total


Past Pain
and
Suffering        $_____      $_____      $_____      $_____
                                                               Total


Future
Pain and
Suffering        $_____      $_____      $_____      $_____
                                                               Total


    Answer Question 21 only if you answered "yes" to one of
Questions 2 or 8.


    21.  Did defendant Michael Bouse act willfully, maliciously,
wantonly, or with reckless disregard for plaintiff's
constitutional rights?


           Yes _____        No _____


    Answer Question 22 only if you answered "yes" to Question 21.

22.   State the amount of punitive damages, if any, you award to the plaintiff against defendant Mark Bouse.

$_____

Answer Question 23 only if you answered "yes" to one of Questions 4 or 10.

23.   Did defendant Michael Santillo act willfully, maliciously, wantonly, and with reckless disregard for plaintiff's constitutional rights?

Answer Question 24 only if you answered "yes" to Question 23.

24.   State the amount of punitive damages, if any, you award to plaintiff and against defendant Michael Santillo.

$_____

**INSTRUCTION 7.01.12**

**Claims of Excessive Force During Arrest—False Arrest—Malicious Prosecution—Illegal Search and State Law Claims—Special Verdicts**

*VERDICT*

I. *FEDERAL CLAIMS—42 UNITED STATES CODE SECTION 1983*

1. *Question No. 1—Excessive Use of Force*

(a) Has plaintiff Paul Poe proven by a preponderance of the evidence that either of the below-named defendants used excessive force against him on June 29, 1994.

John DoeYes _____No _____

Richard RoeYes _____No _____

*If your answer to question 1(a) was "YES" as to either defendant, answer question 1(b) with respect to each defendant as to whom the answer to question 1(a) was "YES."*

(b) Has plaintiff Paul Poe proven by preponderance of the evidence that he suffered damages as a result of excessive use of force by either of the below-named defendants as to whom the answer to 1(a) was "yes?"

John DoeYes _____No _____

Richard RoeYes _____No _____

*2.Question No. 2—Unlawful Arrest and Imprisonment*

(a) Has plaintiff Paul Poe proven by a preponderance of the evidence that either of the below-named defendants unlawfully arrested and imprisoned him on June 29, 1994.

John DoeYes _____No _____

Richard RoeYes _____No _____


*If your answer to question 2(a) was "YES" as to either defendant, answer question 2(b) with respect to each defendant as to whom the answer to question 2(a) was "YES."*


(b)Has plaintiff Paul Poe proven by a preponderance of the evidence that he suffered damages as a result of his unlawful arrest and imprisonment by either of the below-named defendants as to whom the answer to 2(a) was "yes?"


John DoeYes _____No _____


Richard RoeYes _____No _____


*3.Question No. 3—Malicious Prosecution*


(a)Has plaintiff Paul Poe proven by a preponderance of the evidence that either of the below-named defendants maliciously commenced or continued prosecution of him without probable cause.


John DoeYes _____No _____


Richard RoeYes _____No _____

*If your answer to question 3(a) was "YES" as to either defendant, answer question 3(b) with respect to each defendant as to whom the answer to question 3(a) was "YES."*

(b) Has plaintiff Paul Poe proven by a preponderance of the evidence that he suffered damages as a result of his malicious prosecution by either of the below-named defendants as to whom the answer to 3(a) was "yes?"

John Doe Yes _____ No _____

Richard Roe Yes _____ No _____

*4. Question No. 4—Illegal Search*

(a) Has plaintiff Paul Poe proven by a preponderance of the evidence that either of the below-named defendants illegally searched his home on [*date*]?

John Doe Yes _____ No _____

Richard Roe Yes _____ No _____

*If your answer to question 4(a) was "YES" as to either defendant, answer question 4(b) with respect to each defendant as to whom the answer to question 4(a) was "YES."*

(b) Has plaintiff Paul Poe proven by a preponderance of the evidence that he suffered damages as a result of the illegal search of his home by either of the below-named defendants as to whom the answer to 4 (a) was "yes?"

John Doe Yes _____ No _____

Richard Roe Yes _____ No _____

*Answer question 5 only if you answered "YES" to questions 1(a) and 1(b), and/or 2(a) and 2(b), and/or 3(b), and /or 4(a) and 4(b) above with respect to either defendant.*

II. *STATE CLAIM*

5. *Question No. 5—Loss of Consortium*

Has plaintiff Paula Poe proven by a preponderance of the evidence that she suffered damages because of the loss of the services or companionship of Paul Poe, her spouse, as a result of either defendant's violations of Paul Poe's rights under federal law.

John Doe Yes _____ No _____

Richard Roe Yes _____ No _____

*Proceed to Part III only if you have answered "YES" to questions 1(a) and 1(b), and/or 2(a) and 2(b), and/or 3(a) and 3(b), and/or 4(a) and 4(b) above with respect to either defendant.*

III. *DAMAGES*

Answer question 6 only with respect to a defendant as to whom you have answered "YES" to questions 1(a) and 1(b), and/or 2(a) and 2(b), and/or 3(a) and 3(b), and/or 4(a) and 4(b) above.

6. *Question No. 6—Compensatory Damages for the Violation of the Federal Rights of Plaintiff Paul Poe*

As to each defendant who you found engaged in conduct which caused plaintiff, Paul Poe, to suffer damages, state in dollars the amount of compensatory damages he suffered as a result of the conduct of those officers found to be liable.

John Doe    Yes _____ No _____

Richard Roe    Yes _____ No _____

*Answer question 7 only with respect to a defendant as to whom you have answered "YES" to question 5.*

7. *Question No. 7—Compensatory Damages for the Plaintiff Paula Poe's Loss of Consortium*

As to each defendant who you found engaged in conduct which caused plaintiff, Paula Poe, to suffer damages, state in dollars the amount of compensatory damages plaintiff, Paula Poe, suffered as a result of the loss of Paul Poe's services and companionship as her spouse.

John DoeYes _____No _____

Richard RoeYes _____No _____

*Answer question 8 only with respect to a defendant as to whom you have answered "YES" to questions 1(a), and/or 3(a), and/or 4(a) above.*

8.   *Question No. 8—Liability for Punitive Damages*
*Has plaintiff proven by a preponderance of the evidence that John Doe or Richard Roe acted willfully, maliciously, wantonly or with reckless disregard for the plaintiff Paul Poe's constitutional rights.*

John Doe   Yes _____   No _____

Richard Roe     Yes _____   No _____

*Answer question 9 only with respect to a defendant as to whom you have answered "YES" to question 8.*

9.   *Question No. 9—Amount of Punitive Damages*

*State in dollars the amount of punitive damages, if any, plaintiffs are entitled to recover against either of the below named defendants.*

John Doe  Yes _____   No _____

Richard Roe    Yes _____   No _____

**INSTRUCTION 8.01.7**

**Distinction Between *Terry* Stop and Arrest**

The plaintiff alleges that he was arrested by the defendant police officers without probable cause in violation of the Fourth Amendment. The defendant police officers claim that they did not arrest the plaintiff but only carried out an "investigatory stop," which is also called a *Terry* stop, named after the leading Supreme Court case of *Terry v. Ohio*. A "stop" occurs when a police officer briefly detains an individual for the purpose of investigating possible criminal behavior.

There is a significant legal distinction between a *Terry* stop and an arrest. When the police arrest an individual, they must have probable cause to believe the person arrested committed or was committing a criminal offense. However, if the police "only stop" an individual, they need only have reasonable suspicion to believe that the individual was involved in criminal activity, or is armed and presently dangerous to the officers or others.

Reasonable suspicion requires less justification for police action than probable cause. It is for you, the jury, to determine whether the defendants arrested or only stopped the plaintiff.

A police officer who observes an individual under suspicious circumstances may approach and briefly detain that individual for the purpose of investigating possible criminal behavior. The officer may take such action even though he does not have what the law calls probable cause to arrest the individual. The officer must, however, have at least a reasonable suspicion that the individual detained was involved in criminal activity. Reasonable suspicion does not require proof of wrongdoing by a preponderance of the evidence, but requires something more than a mere guess or hunch. Reasonable suspicion means that to justify the particular intrusion upon the individual, the police officer must be able to articulate specific facts which, taken together with rational inferences from the facts, reasonably warrant that intrusion.

An investigatory stop may last only for as long as necessary for the police to conduct a reasonable investigation. There is no fixed time or mechanical formula to determine whether the amount of time taken by the police officer to investigate his suspicions was reasonable. The police officer is required to diligently investigate and use the least intrusive means available to confirm or dispel his suspicions. You must consider the particular facts and circumstances known to the officer.

There is no bright line to determine whether police action constitutes an arrest or stop. In making the determination you are to consider all of the facts and circumstances surrounding the

encounter between the defendant police officers and the plaintiff. In particular you should consider such factors as: the amount of force used by the police; the need for the force used; the extent to which the individual's freedom of movement was restrained; the number of police officers involved in this encounter; whether the plaintiff was suspected of being armed; the duration of the encounter; the officer's physical treatment of the plaintiff; and whether the police officers used handcuffs.

The fact that no formal words were employed by the police officers like, "you are under arrest," does not necessarily mean that the plaintiff was not arrested. An arrest need not be formal; it can occur if the subject is restrained and his freedom of movement is significantly restrained.

To repeat, to determine whether the plaintiff was stopped or arrested, you are to consider all of the circumstances.

### INSTRUCTION 8.01.8
### *Terry* Stop

A police officer who observes an individual under suspicious circumstances may approach and briefly detain that individual for the purpose of investigating possible criminal behavior. The officer may take such action even though he does not have what the law calls probable cause to arrest the individual. The officer must, however, have at least a reasonable suspicion that the individual detained was involved in criminal activity. Reasonable suspicion does not require proof of wrongdoing by a preponderance

of the evidence, but requires something more than a mere guess or hunch. Reasonable suspicion means that to justify the particular intrusion upon the individual, the police officer must be able to articulate specific facts which, taken together with rational inferences from the facts, reasonably warrant that intrusion.

An investigatory stop may last only for as long as necessary for the police to conduct a reasonable investigation. There is no fixed time or mechanical formula to determine whether the amount of time taken by the police officer to investigate his suspicions was reasonable. The police officer is required to diligently investigate and use the least intrusive means available to confirm or dispel his suspicions. You must consider the particular facts and circumstances known to the officer.

## INSTRUCTION 18.01.10

### Aggravation or Activation of Latent Emotional Condition

If you find that the plaintiff had a pre-existing psychological condition that made him more subject to emotional injury than a person in normal health, the defendants are nevertheless responsible for his injuries to the extent to which their violation of the law aggravated that condition. This is so even though the plaintiff's emotional distress, due to his prior condition, may have been greater than that which would have been suffered by a normal person under the same circumstances.

However, if you find that the plaintiff's emotional condition would have developed into its present state, even without the

trauma of any violation of the law involved in this case, then the plaintiff cannot recover for any progression or worsening of his emotional condition.

**Indemnification of Punitive Damages**

The County of [_name of municipality_] has agreed to indemnify Officer Doe for any punitive damages that may be awarded against him in this case. If you decide to award punitive damages against Officer Doe, in fixing the amount of punitiv**INSTRUCTION 18.08.2**e damages, you may consider the fact that the County will indemnify Officer Doe. Given the County's decision to indemnify Officer Doe, you may consider the amount of punitive damages, if any, that may be necessary to stimulate actions by the County to punish and deter Officer Doe and other officers from repeating the type of unconstitutional conduct he engaged in.

**INSTRUCTION 18.09.1**

**Income Tax Consequences of Compensatory Damages for Physical Injuries**

I instruct you that the plaintiff will not be required to pay federal income tax on any compensatory damages you may award for his physical injuries.

**INSTRUCTION 18.09.2**

**Income Tax Consequences of Compensatory Damages for Non-Physical Injuries and Punitive Damages**

I instruct you that the plaintiff will be required to pay federal income tax on any compensatory damages you may award for any non-physical injuries, and for any punitive damages you may award.

**INSTRUCTION 12.01.1**

**State Law Claims Supplemental to 1983 Excessive Force, False Arrest, and Malicious Prosecution Claims**

*STATE LAW CLAIMS*

I now turn to the plaintiff's state law claims against the defendants. We call these claims "supplemental state law claims," because they are alleged in addition to the federal constitutional claims. These claims are not for deprivations of constitutional rights, but they are claims based on common law torts, namely, civil wrongs of false arrest, battery, and malicious prosecution, brought under state law principles.

In this case, the elements of these state law claims track the elements of the federal Section 1983 claims. They have generally similar elements. But the state claims have certain

differences in the "rights and obligations," which I will point out to you during these instructions.

I have already instructed you on the elements of the federal Section 1983 unlawful arrest, excessive force, and malicious prosecution claims, which the plaintiff must prove by a preponderance of the evidence. Now I will review the similar causes of action brought as supplemental state law claims.

*FALSE ARREST*

This state law cause of action is against only the defendant police officer Donald Doe and his employer, the defendant county. One commits a false arrest if he intentionally and without the right to do so arrests—or takes into custody—a person who is aware of such arrest and does not consent to it.

The plaintiff claims that defendant Doe arrested him without a warrant for the crime of assaulting a police officer. The plaintiff seeks to recover damages on this claim against Doe and his employer, the defendant County. Defendant Doe admits that he arrested the plaintiff and that he had no warrant, but he says that, under the circumstances involved in this case, the arrest was lawful because he had probable cause to arrest the plaintiff.

Under the laws of the State of _____, defendant Doe, as a police officer, had the right to arrest the plaintiff without a warrant if he had probable cause for believing that plaintiff had committed a crime, or if plaintiff committed a petty offense in his presence. In this state law claim, the burden is upon

defendant Doe to prove by a preponderance of the evidence that he had probable cause for believing that the crime of assaulting a police officer had been committed by the plaintiff.

Probable cause for an arrest exists when a police officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution to believe that a crime or offense has been or is being committed by the person to be arrested.

For probable cause to exist, there need not be certainty that a crime or offense is being committed. But, there must be a basis for a reasonable belief that a crime or offense has been or is being committed.

Probable cause for the arrest of the plaintiff existed if the facts and circumstances known to the defendant Doe, or the information supplied to him before making the arrest, were such as to lead a reasonably prudent person to believe that the plaintiff had committed the crime of assaulting a police officer. An arrest made with probable cause is lawful even though, as it now appears, the charges against the plaintiff were later dismissed.

I have already instructed you as to the elements of the crime of assaulting a police officer. Defendant Doe contends that at the time he arrested the plaintiff the facts as they appeared to him were sufficient to constitute probable cause to arrest the plaintiff for this crime.

In determining whether probable cause existed for this arrest, you should base your decisions on the information that you find was available to defendant Doe at the time he made the

arrest. Information that became available at a later point, even if only a short time later, is of no relevance with regard to the arrest.

The fact that the charges against the plaintiff were later dismissed does not establish that there was no probable cause for his arrest. Probable cause is judged on the basis of the information available to the police officer at the time of the arrest.

Accordingly, on plaintiff's state law false arrest claim with regard to the charge of assaulting a police officer, if you determine that defendant Doe has failed to establish that there was probable cause to arrest plaintiff on this charge, your verdict will be in favor of the plaintiff and against defendant Doe. However, if you determine that there was probable cause to arrest the plaintiff for assaulting a police officer, then the arrest would be lawful and your verdict on this state law claim will be in favor of defendant Doe.

Unlike the federal Section 1983 unlawful arrest claim, responsibility for a state law false arrest is incurred not only by the person making the arrest but also by his employer, here the County, if the arrest was made within the scope of Doe's employment. I instruct you as a matter of law that the County is responsible for the actions of police officer Donald Doe in making the arrest. Therefore, if you find that Doe is liable for the supplemental state law claim of false arrest, you must also find the County liable.

*BATTERY*

Let me now turn to the plaintiff's state law claim against defendants Donald Doe, Richard Roe, and the County based on the tort of *battery* brought under state law principles.

The elements of this state law claim of battery generally track the elements of the federal Section 1983 excessive force claim, with certain differences which I will point out to you.

A police officer has the right to use as much force in the course of making an arrest, as he reasonably believes necessary in order to make the arrest, protect himself, protect others in the area, and protect the person being arrested. He can be held liable only if the force used was excessive.

The plaintiff claims that in the process of arresting him defendants Doe and Roe threw him to the ground without provocation, causing him to sustain various injuries. The defendants admit using some force to arrest, restrain, and handcuff the plaintiff, but they say that the plaintiff was resisting arrest, and that they used only as much force as they reasonably believed necessary under the circumstances.

In this battery cause of action, you must determine whether the force used by the defendants was reasonably believed to be necessary.

In making that decision, you must take into consideration all of the circumstances confronting the defendants at the time and place of the incident, including what they saw and heard and all of the circumstances surrounding this dispute. The defendants were

not required, at their own peril, to measure the precise amount of force necessary.

If you find that the defendants used no more force than they reasonably believed to be necessary, then the defendants committed no battery.

On the other hand, if you find that the plaintiff has established by a preponderance of the evidence that the defendants Doe and Roe used more force than they reasonably believed to be necessary then they committed a battery.

On this state law battery claim for relief, unlike the federal Section 1983 excessive force claim, responsibility is incurred not only by the person doing it but by his employer, the defendant County, if the battery was committed within the scope of his employment. I instruct you as a matter of law that the County is responsible for the actions of defendants Doe and Roe in the arrest of the plaintiff. Therefore, if you find that the defendants Doe and/or Roe are liable for the state law claim of battery, you must also find the County liable.

**INSTRUCTION 14.01.1**

**Proximate Cause—General Instruction**

If plaintiff proves the first two elements of his Section 1983 claim—that one or both of the defendants acted under color of state law, and that one or both of the defendants deprived him of his constitutional right to free speech—then you must determine

whether the plaintiff has proved the third element of his claim—that the conduct of the defendant was a proximate cause of his injuries. An injury is proximately caused by the defendant's conduct whenever it appears from the evidence that (1) the conduct played a substantial role in bringing about the injury, and (2) the injury was either a direct result or a reasonably probable consequence of the defendant's conduct. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries.

To recover damages for an injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendants was the proximate cause of her injuries.

If you find that the plaintiff complains about an injury that was not proximately caused by the defendants' conduct, you may not award the plaintiff damages for that injury.

## INSTRUCTION 15.02.2

### Municipal Liability—Various Bases—Special Verdicts

*Special Verdicts*

*Question 1.* Did the City of _____ violate the constitutional rights of John Doe not to be deprived of his life or liberty absent due process of law in one or more of the following ways:

A.   Constitutionally inadequate training?

Yes _____  No _____

B.   A  custom  or  policy  that  caused  the  constitutional deprivation of John Doe's rights?

Yes _____  No _____

C.   Ratification  of  unconstitutional  conduct  on  the  part  of Chief Deputy Roe?

Yes _____  No _____

*Question 2.*  If you have answered "yes" to either subparts A, B, or C, of Question 1, then answer this question.

Was  such  conduct  a  proximate  cause  of  the  injuries  to John Doe?

Yes _____  No _____

*Question 3.*  Did the City of _____ deprive John Doe of his right to equal protection under the law?

Yes _____  No _____

*Question 4.*  If you answered Question 3 "yes," then answer this question.

Was such conduct a proximate cause of the injuries to Thomas Roe?


Yes _____   No _____


**INSTRUCTION 15.04.1**
**Custom or Practice**


In order to establish her § 1983 claim against the City of [*name municipality*], the plaintiff is required to establish an additional element that she need not prove against the individual defendants. To hold the City liable under § 1983, the plaintiff must prove by a preponderance of the evidence that the violation of her federally protected rights was pursuant to the enforcement of a custom or practice of the City.

If you have found that any of the individual defendants violated the plaintiff's federally protected rights, then you must also consider plaintiff's claim against the City.

The fact that an employee or employees of the City deprived the plaintiff of his federally protected rights is not itself a sufficient basis for imposing § 1983 liability against the City.

The plaintiff does not contend that the City of [*name municipality*] has a formal policy of [*describe policy*]. Plaintiff alleges instead that the City has had a long-standing custom or practice of [*describe custom or practice*].

A custom or practice is a well settled, persistent, widespread course of conduct by municipal officials having the

force of law. Whether there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination you may consider how long the alleged practice existed, the number and percentage of [municipality] officials engaged in the practice, and the similarity of the conduct engaged in by its employees.

A municipal practice or custom has the force of law when it has been approved, either expressly or implicitly, by the municipal entity's policymakers, or when the policymakers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it. I am instructing you as a matter of law that [*name officials*] are the policymakers for [*describe particular subject*]. Therefore, to find in favor of the plaintiff and against [*name municipal entity*] you must find: (1) that the individual defendants violated the plaintiff's federally protected rights; (2) the violation of the plaintiff's rights was pursuant to a long-standing custom or practice of the City; and (3) the [*policymakers of municipal entity*] either approved or were deliberately indifferent to the custom or practice. If you find that the plaintiff has failed to establish any of these elements, your verdict must be for [*name municipal entity*].

## INSTRUCTION 15.05.2A

### Inadequate Training—Alternative Instruction

In order to prevail on her § 1983 claim against defendant [*name of local governing body*] alleging liability based on a

policy of failure to train its [e.g., police officers], the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the act[s] of *name of [specify particular defendants]* deprived the plaintiff of her rights under the United States Constitutions, as explained in later instructions.

2    The [specify defendant(s)] acted under color of law;

3.   the training policies of the defendant [*name of local governing body]* were not adequate to train its police officers to handle the usual and recurring situations with which they must deal; [specify these situations)

4.   the defendant [*name of local governing body]* was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5.   the failure of the defendant [*name of local governing body]* to provide adequate training caused the deprivation of the plaintiff's rights by the [specify particular defendants] that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  The

plaintiff may prove deliberate indifference in this case by
showing that the defendant [*name of local governing body*] knew
its failure to train adequately made it highly predictable that
its police officers would engage in conduct that would deprive
persons such as the plaintiff of her rights.

If you find that the plaintiff has proved each of these
elements, and if you find that the plaintiff has proved all the
elements he is required to prove under Instruction [*specify the
instruction[s] that deal with the particular right[s]*], your
verdict should be for the plaintiff. If, on the other hand, the
plaintiff has failed to prove any one or more of these elements,
your verdict should be for the defendant.

**Attribution:**  Adapted by the authors based upon Ninth Circuit
Manual of Model Jury Instruction Civil 9.7.

**Cross Reference:**  1A Schwartz Section 1983 Litigation:  Claims
and Defenses Ch. 7 (4th ed. 2005).


### INSTRUCTION 16.01.1

### Supervisory Liability—No Personal Involvement by Supervisor in Alleged Violation of Rights—Second Circuit Approach


I have already instructed you about the law governing the
plaintiff's 1983 claim against [_name subordinate officer_]
defendant Doe. If you find that the plaintiff has demonstrated
that defendant Doe violated the plaintiff's constitutionally

protected rights, you must then determine whether the plaintiff has also demonstrated a basis for recovery against Officer Doe's supervisor, defendant Officer Roe.

The legal rules for determining whether a supervisory official may be held liable under 1983 for the deprivation of a person's federally protected rights are different from the rules pertaining to the rules governing the liability of a subordinate employee whose conduct directly caused the violation of the plaintiff's federal rights.

A supervisory official may not—I stress may not—be held liable under Section 1983 based solely upon the fact that the supervisor had the obligation and authority to supervise the subordinate employee. Therefore, the mere existence of the supervisory relationship is not, by itself, a sufficient basis for imposing liability upon the supervisory official.

Liability may be imposed upon a supervisory official who participated directly in the violation of a person's constitutionally protected rights. In this case, there is no evidence that Officer Roe participated directly in the alleged violation of the plaintiff's federal rights.

A supervisor may, however, be held liable for a violation of federally protected rights even if the supervisor did not participate directly in the violation of the plaintiff's federally protected rights. The law recognizes that a supervisor may be found liable if

1.    The supervisor, after being informed of the violation of federally protected rights, failed to take reasonable steps to remedy the wrong; or

2.    The supervisor created a policy or custom under which unconstitutional practices occurred, or allowed the continuation of unconstitutional practices to continue; or

3.    The supervisor was deliberately indifferent in supervising the subordinate employee or employees who directly engaged in unconstitutional conduct.

By deliberate indifference I mean that the supervisor knew, or had reason to know, that constitutional violations were likely to occur, but failed to take reasonable steps to prevent their occurrence.

Plaintiff has the burden of establishing by a preponderance of the evidence, that Officer Roe acted in violation of at least one of these standards. It is for you, the jury, to determine whether officer Roe acted in violation of any of these standards. If you find that he did not act in violation of any of these standards you must to return a verdict in favor of defendant Roe. If you find that he did act in violation of any of these standards, you must return a verdict in favor of the plaintiff against Officer Roe.

**INSTRUCTION 17.02.1**

**Qualified Immunity—Multiple Claims and Defendants—Extraordinary Circumstance—Advice of Counsel**

*Qualified Immunity—Generally*

I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims. If you find that the plaintiff has proved the elements of his Section 1983 claim against a defendant, you must proceed to consider whether the defendant is entitled to what the law calls "qualified immunity" for each claim that the plaintiff has proved.

A particular defendant will be entitled to qualified immunity unless, at the time of the conduct complained of, he should have known that his conduct was contrary to clearly established federal law. I will instruct you in a moment about the clearly established law regarding each of the plaintiff's claims.

If you find that the particular defendant is entitled to qualified immunity for a particular claim, you may not find her liable for that claim. If, however, you find that that defendant is not entitled to qualified immunity with respect to that claim, you may proceed to consider the issue of damages.

*Qualified Immunity—Clearly Established Law*

As I have told you, a particular defendant will be entitled to qualified immunity if, at the time he engaged in the conduct complained of, he should have know that his actions were contrary to clearly established federal law. I now instruct you that the following law was clearly established regarding the plaintiff's Eighth and Fourteenth Amendment claims at the time of the events

at issue in this case.

*Qualified Immunity—Objective Reasonableness*

The defendant whom you are considering has the burden of demonstrating that her conduct did not violate the clearly established federal law about which I have instructed you. The fact that a defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity. A particular defendant is entitled to qualified immunity only if a reasonable public official in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of her conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to her at the time of the incident in question, and the events that confronted him.

*General Wrap Up—Qualified Immunity*

Thus, you must ask yourself what a reasonable official in the particular defendant's situation would have believed about the legality of her conduct. As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad

faith. If you find that a reasonable official in the defendant's situation would have believed that his conduct was lawful, the official is protected from liability by qualified immunity.

To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have previously found that the defendant in fact violated the plaintiff's federally protected rights. If you find that the defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.


Dated: May 9, 2008
       New York, new York

                                        Respectfully submitted,


                                        Dan L. Johnston (dj-0806)
                                        ATTORNEY FOR PLAINTIFF
                                        116 West 23rd St. #500
                                        New York, New York 10011

CC: Robert Caccese
    ATTORNEY FOR DEFENDANTS